UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATRINA RUCKER,<br><br>                    Plaintiff,<br>     v.<br><br>WASHINGTON STATE,<br><br>                    Defendant. | CASE NO. 22-5298 RJB<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE |

This matter comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1), her Motion for Temporary Restraining Order (Dkt. 1-2) and on review of the proposed complaint (Dkt. 1-1 and 1-3). The Court has considered the pleadings filed regarding the application and motion and the remaining file.

On May 2, 2022, the Plaintiff filed a proposed civil complaint and an Application to Proceed *in Forma Pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 1. She also filed a Motion for Temporary Restraining Order ("TRO"). Dkt. 1-2. In her motion for a TRO, the Plaintiff moves for an "anti-harassment order to prohibit any Washington State

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE - 1

employee . . . from any form of contact" with her and to cease reading her emails, listening in on her phone calls, and to "remove all listening and/or monitoring devices involving [her]." Dkt. 1-2. This opinion will first review the Plaintiff's proposed complaint and then address the IFP application and motion for a TRO.

**Review of the Proposed Complaint.**  The Court has carefully reviewed the complaint in this matter.  Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

The proposed complaint names as the Defendant the State of Washington (Dkt. 1-1) and attaches a "Statement of Claim" to the proposed complaint (Dkt. 1-3).  In these two pleadings, which will be construed together as the proposed complaint, the Plaintiff alleges that a "mentally ill, homosexual," African-American, male employee of the State of Washington, has been stalking her and "wants to 'be [her].'" Dkt. 1-3 at 1.  She asserts that he has access to "Washington State listening technology" that he uses as a means to "mentally and physically torture [her] person."  *Id.*  The Plaintiff maintains that she has reported his behavior and that of "other unauthorized civilians" to the State of Washington and it refuses to respond.  *Id.*  She states that she is "in hiding, unable to find a safe place to live, unable to find work, . . . attend church . . . and even not able to get medical care."  *Id.*

The Plaintiff alleges that, in 2020, the Washington State employee "entered [her] medical appointment without [her] consent and began having sex with the medical provider . . . in the middle of the appointment." Dkt. 1-3 at 1. She alleges that she changed medical providers and he followed her there. *Id.*  The Plaintiff contends that this employee and her brother then tried to

have her committed to a mental institution. *Id.* at 2. She asserts that she passed a competency evaluation but he and a panel of doctors are still telling people they are going to lock her up. *Id.*

The Plaintiff contends that this Washington State employee contacted out-of-state family, pretended to be a doctor, lied about her, and paid them with "money, drugs," and "sexual favors (with men and women . . .) to misrepresent [her] physical and mental status." *Id.* The Plaintiff maintains that Washington State employees and associates placed cameras in her living space, have been reading her emails, listening to her phone calls and contacting everyone she encounters and telling them that she was "mentally retarded, crazy, insane 'his' ward, and they were required to wear a Washington State listening device in [her] presence." *Id.* The Plaintiff contends that as a result, she has suffered physical pain, can't find a place to live, work or worship, or get medical care. *Id.* at 3. She identifies her claim as "violation of civil rights" and seeks $1,000,000 in damages. Dkt. 1-1.

***Sua Sponte* Dismissal – Standard on Rule 12(b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Under Fed. R. Civ. P. 12(b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

question jurisdiction).  If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Moreover, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").  *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**12(b)(1) Analysis of Plaintiff's Proposed Complaint - Jurisdiction over Claims for Damages Asserted Against Washington State.**  "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer,* 523 F.3d 948, 953 (9th Cir. 2008).

The Plaintiff's claims for damages against the State of Washington should be dismissed as barred by the Eleventh Amendment.  There is no evidence that Washington, its agencies, or officers have consented to such a suit for damages and are, accordingly, immune from suits of

this kind brought in federal courts. *Pittman v. Oregon Employment Dept.,* 509 F.3d 1065, 1071 (9th Cir. 2007) (*internal quotations omitted*). Accordingly, this Court does not have jurisdiction over these claims. The Plaintiff makes only claims for damages in this case; no injunctive relief is sought in the proposed complaint. Plaintiff's claims against Washington State should be dismissed with prejudice as barred by the Eleventh Amendment. State courts may have jurisdiction over this claim.

**12(b)(6) Analysis of Plaintiff's Proposed Complaint -Failure to State a Claim.** The Plaintiff's claims are unclear. Many of her allegations are not plausible. The Plaintiff references a "violation of civil rights, federal right to decide." Dkt. 1-1. Even construing the proposed complaint liberally, it is unclear what claim the Plaintiff is making. She does not identify a provision of the U.S. Constitution or any federal statutory right that has been violated. Considering all plausible allegations in the proposed complaint, the proposed complaint fails state a claim on which relief can be granted under Rule 12(b)(6).

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

**Plaintiff's Application to Proceed IFP and Decision.** Plaintiff states that she has $751 in income and no assets. Dkt. 1. As stated above, the Court lacks jurisdiction to consider the Plaintiff's claims for damages against the State of Washington. Further, she has failed to state a

claim for relief. Based upon the above analysis of the deficiencies in the proposed complaint, the Court should deny Plaintiff's application to proceed IFP (Dkt. 1).

**Pending Motion for TRO.** The Plaintiff's application for IFP should be denied and the proposed complaint provides no legal ground for the Court to grant the TRO. The pending motion for TRO (Dkt. 1-2) should be denied.

**Conclusion.** The IFP application and TRO motion should be denied. This case should be dismissed.

**IFP on Appeal.** In the event that plaintiff appeals this order, and/or appeals dismissal of this case, IFP status should be denied by this court, without prejudice to plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.*

**Future filings**. Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the court.

It is **ORDERED** that:

(1) The Plaintiff's Application to Proceed IFP (Dkt. 1) **IS DENIED**;

(2) The Plaintiff's Motion for a Temporary Restraining Order (Dkt. 1-2**) IS DENIED**;

(3) The case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of May, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge